# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: ) | |
| ) | |
| MERLE SHANE BREWER, ) | Case No. 05-51960 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| BUBLITZ MACHINERY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. No. 05-5038 |
| ) | |
| MERLE SHANE BREWER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

On June 19, 2003, Plaintiff Bublitz Machinery Co., obtained a default judgment ("Default Judgment") in the Associate Circuit Court of Clay County, Missouri, against the Debtor, Merle Shane Brewer, for $12,955.22.[1] The Debtor filed bankruptcy shortly after the entry of that judgment. The Plaintiff now seeks a determination that the $12,955.22 debt arising from the Default Judgment is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

At the pre-trial conference held in this proceeding on February 28, 2006, the parties announced their agreement to submit this matter to the Court on written briefs in lieu of a hearing. The only issues before the Court are whether the Court should apply the doctrine of *res judicata* to the Default Judgment, and, if *res judiciata* is applicable, whether the Plaintiff is entitled to summary judgment as a matter of law under § 523(a)(2)(A).

## BACKGROUND

The only background relevant to the Plaintiff's motion pertains to the Default Judgment. The Plaintiff filed a petition for breach of contract and fraud in the Circuit Court of Clay

---

[1] Case No. CV103 2100 AC.

County, Missouri, Associate Circuit Division, on March 20, 2003.[2] The Plaintiff obtained personal service on the Debtor, but the Debtor chose not to respond to or otherwise defend the lawsuit. On June 19, 2003, the Circuit Court entered a default judgment against the Debtor. The Default Judgment contains findings that the Debtor perpetrated a fraud on the Defendant and that the Defendant suffered damages of $12,955.22. That judgment is final and has not been appealed.

## DISCUSSION

As a matter of constitutional and statutory law,[3] federal courts generally "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."[4] However, not all of the preclusive doctrines apply to bankruptcy court determinations of dischargeability. *Res judicata*, or "claim preclusion," only applies when the claim being pursued is identical to the claim previously adjudicated,[5] and because bankruptcy courts have exclusive jurisdiction over determinations of dischargeability, *res judicata* can never be applied to state court judgments, even though the issues adjudicated in the state court may be identical in all but name.[6] Consequently, collateral estoppel, or "issue preclusion" is the only preclusive doctrine that applies to determinations of dischargeability. The Plaintiff here only pled *res judicata* in its motion for summary judgment (and its motion could fail for that reason alone), but the Court will briefly consider whether collateral estoppel applies to the Default Judgment.

As noted above, the Court looks to state law to determine the preclusive effect of a state law judgment. In Missouri, collateral estoppel requires four criteria to be met before the prior proceeding has a preclusive effect: (1) the issue decided in the prior adjudication is identical with

---

[2] The original complaint only asserted a breach of contract. The Plaintiff amended the petition on April 23, 2003, to add an allegation of fraud.

[3] *See* U.S. Const. art. IV, § 1 and 28 U.S.C. § 1738.

[4] *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896 (1984).

[5] *King General Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. 1991).

[6] *Brown v. Felsen*, 442 U.S. 127; 99 S. Ct. 2205 (1979), *In re Holiday Interval, Inc.*, 114 B.R. 177, 181 (Bankr. W.D. Mo. 1989).

the issue presented in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.[7]

In this case, collateral estoppel does not apply because the second criteria is not met.[8] Under Missouri law, a default judgment entered as a result of a debtor's failure to appear or to defend the lawsuit, such as the Default Judgment here, does not constitute a judgment on the merits for collateral estoppel purposes.[9] Because the Default Judgment is not entitled to preclusive effect, the Plaintiff cannot sustain its burden under § 523(a)(2)(A), and judgment in this matter must go to the Defendant.

## CONCLUSION

For the reasons stated above, it is

**ORDERED** that the relief requested in the Plaintiff's complaint is hereby DENIED. It is

**FURTHER ORDERED** that judgment shall be entered in favor of the Defendant.

**SO ORDERED** this 17th day of April, 2006.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Donald E. Bucher
William W. Bird

---

[7] *Shahan v. Shahan*, 988 S.W.2d 529, 531 (Mo. 1999).

[8] In light of this finding, the Court need not rule on the presence or absence of the other criteria.

[9] *Johnson v. Mo. Dep't of Health & Senior Servs.*, 174 S.W.3d 568, 585 (Mo. Ct. App. 2005) ("A judgment on the merits is one rendered after argument and investigation and when it is determined which party is in the right, as distinguished from a judgment rendered upon some preliminary or technical point, or by default, and without trial."). In contrast, default judgments entered pursuant to a discovery sanction qualify as a judgment on the merits for collateral estoppel purposes. *See In Re Marriage of Dickey*, 553 S.W.2d 538, 539 (Mo. Ct. App. 1977) ("The rendition of judgment which follows the disallowance of a pleading for failure to obey a discovery order does not come by default, in the ordinary sense, but is treated as a judgment upon trial by the court.")